UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DONTANEOUS SALLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14-1277-SLD-JEH |
| | ) | |
| KEVWE AKPORE, | ) | |
| | ) | |
| Defendant. | ) | |

MERIT REVIEW ORDER

This cause is before the Court for a review of Plaintiff Dontaneous Salley's Amended Complaint.

On August 14, 2014, the Court conducted a merit review hearing of Salley's Complaint.  During this hearing and also in a subsequent written Order entered on August 25, 2014, the Court explained to Salley that he needed to file an Amended Complaint and that this Amended Complaint should state what injuries he received, should state what treatment he received, and should specifically name the individual or individuals who he believes is responsible for violating his constitutional rights.

Salley has now filed an Amended Complaint that names Kevwe Akpore, Warden of the Hill Correctional Center, as a party Defendant.  Based upon the new facts included in his Amended Complaint, the Court finds that Salley has stated a claim under the Eighth Amendment based upon the conditions of his confinement.

However, the Court finds that Salley has not stated a claim for deliberate indifference.  Despite the Court's instruction, Salley did not identify any person who was deliberately indifferent to his serious medical needs.  More importantly, having to wait 4-6 hours before a bed became available in the ICU does not constitute deliberate indifference, nor does being given X-rays when Salley believed that a scan was necessary.

Finally, Salley's motion for appointment of counsel is denied.  The Court does not possess the authority to require an attorney to accept pro bono appointments on civil cases such as this. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007).  The most that the Court can do is to ask for volunteer counsel. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)(holding that it is a "fundamental premise that indigent civil litigants

have no constitutional or statutory right to be represented by counsel in federal court.").

In determining whether the Court should attempt to find an attorney to voluntarily take a case, "the question is whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself . . . . The question is whether the plaintiff appears competent to *litigate* his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655 (emphasis in original). In other words, this inquiry is an individualized one based upon the record as a whole, the nature of the claims, and the plaintiff's ability to pursue his claims through all phases of the case, including discovery and trial. *Navejar v. Iyioloa*, 718 F.3d 692, 696 (7th Cir. 2013).

As the Seventh Circuit has acknowledged, "[a]lmost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases. *DeWitt v. Corizon, Inc.*, ___ F.3d ___, 2014 WIL 3686080, * 2 (7th Cir. July 25, 2014)(internal quotation omitted). Although the Seventh Circuit has held that appointment of counsel should occur in cases in which counsel would have made a difference in the outcome of the litigation (*Santiago v. Walls*, 599 F.3d 749, 465 (7th Cir. 2010)), the Seventh Circuit has also held that the test for appointment of counsel is not whether a lawyer could more effectively handle the case. *Pruitt*, 503 F.3d at 655. The test is whether the litigant is competent to litigate his own claims. *Id.*

In the instant case, Salley appears to be literate; he has filed cogent pleadings with the Court; and his claim has survived a merit review. Moreover, Salley's claim is not so novel or complex that he cannot litigate it himself. *Ledford v. Sullivan*, 105 F.3d 354, 359 (7th Cir. 1997)(expert not necessary to determine whether Defendants were deliberately indifferent). Salley is capable of offering his own testimony and evidence obtained through discovery to support his claim if such support is possible to obtain.

Salley has personal knowledge of the facts supporting his claim and appears cable of cross-examining Defendant regarding his version of the events. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Salley has offered no reason why he cannot litigate this case or why his case differs from any other of the plethora of prisoner pro se plaintiffs who ask for the appointment of counsel in almost every case filed. *DeWitt*, ___ F.3d ___, 2014 WL 36386080, at * 2-4. Therefore, the Court denies his motion for appointment of counsel.

IT IS THEREFORE ORDERED:

1.       Plaintiff's motion to request counsel [15] is DENIED.

2.       Plaintiff's motion to amend complaint [16] is GRANTED.

3.       Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that the plaintiff states an Eighth Amendment claim based upon the conditions of confinement against Warden Kevwe Akpore.  The Clerk of the Court is directed to add Warden Kevwe Akpore as a party Defendant.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

4.       This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, in order to give the Defendant notice and an opportunity to respond to those motions.  Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5.       The Court will attempt service on Defendant by mailing him a waiver of service.  Defendant has 60 days from the date the waiver is sent to file an answer.  If Defendant has not filed answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6.       With respect to a defendant who no longer works at the address provided by Plaintiff, the entity for whom that defendant worked while at that address shall provide to the Clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7.       Defendant shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this opinion.  In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendant.  Therefore, no response to the answer is necessary or will be considered.

8.      This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendant's counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel.  Discovery does not begin until defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9.      Counsel for Defendant is hereby granted leave to depose Plaintiff at his place of confinement.  Counsel for Defendants shall arrange the time for the deposition.

10.     Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11.     If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

12.     The Clerk is directed to attempt service on Defendant pursuant to the standard procedures.


Entered this 28th day of October, 2014


                                        s/ Harold A. Baker
                                        HAROLD A. BAKER
                                        UNITED STATES DISTRICT JUDGE